DEXTER, HORTON & Co. *v.* SAYWARD.

*(Circuit Court, D. Washington, N. D. July 30, 1892.)*

ATTACHMENT—DISSOLUTION—CONTRACT.
    A certain firm were creditors of defendant, having supplied him with merchandise and money for operating a sawmill. Thereafter they made a contract with a third person, whereby the latter was to furnish money and supplies to operate the mill in future, and receive and sell the product; paying to the firm $20,000 at the beginning, and $2,500 monthly for a period of 30 months, unless defendant should in the mean time pay the firm the sum due them. The contract contained a stipulation that payment of the sum due the firm should not be enforced during that time against defendant, with the proviso that the agreement should not prevent the firm from taking the necessary steps to preserve the "legal life" of their demand. While this contract was in force the firm brought an action against defendant for the sum due, commencing the same by an attachment on the ground of nonresidence. On demurrer to a plea in abatement, the court held that the stipulation was no bar to the action or its prosecution to judgment, but that the stipulation would have prevented the enforcement thereof by execution or other process, if defendant were a party to the contract or had adopted it, but that his allegations were insufficient to show an adoption. Thereafter defendant moved to discharge the attachment, filing an affidavit showing an adoption of the contract, and alleging that all payments had been made thereunder until the bringing of the suit, when, by reason of the attachments, the monthly payments were discontinued. *Held* that, while defendant would have been entitled to a dissolution of the attachment had he stood strictly upon the contract by causing a continuance of the monthly payments, his failure to do so defeated his right; for the relief sought by him was analogous to the specific performance of a contract, and he was not entitled thereto without showing full performance on his part.

At Law. Action by Dexter, Horton & Co., commenced by attachment, against W. P. Sayward, to recover a balance on an account. A

demurrer to a plea in abatement was sustained. See 51 Fed. Rep. 729, where a statement of the facts will be found. Defendant now moves to discharge the attachment. Denied.

*Blaine & De Vries* and *E. C. Hughes,* for plaintiff.

*Battle & Shipley,* for defendant.

HANFORD, District Judge. This action was originally brought in the superior court of King county, and at the time of commencing it the plaintiff sued out writs of attachment directed to the sheriffs of the several counties in which the defendant's property was situated, and thereunder a large amount of property, real and personal, was attached. The affidavit made and filed in behalf of plaintiff, to meet the requirements of the attachment law, states as grounds for the attachment that the defendant is a nonresident of this state, and that he has assigned, secreted, and disposed of his property with intent to delay and defraud his creditors, particularly the plaintiff. The defendant now moves the court to dissolve the attachments, which motion is based upon an affidavit of an agent having charge of all of defendant's property and business in this state, showing that the defendant has not made any disposition of property, except lumber and merchandise in the regular course of business, and certain real estate and ships, which were only mortgaged to secure existing debts. The affidavit also sets forth the agreement between Harrington & Smith and Herrick, referred to in the foregoing opinion, overruling the defendant's plea in abatement; and, in addition to the facts alleged in the plea, that, by inducing Herrick to make payments and by shipments of lumber as contemplated by said agreement, the defendant has, by adoption thereof and fulfillments of its conditions, made himself a party to said agreement; and that all payments due thereunder, up to the date of the commencement of this action, were duly made; but by reason of this suit, and the attachment of defendant's property, said Herrick has been prevented from continuing the payments, and none have been made since said date.

From the proofs before me I find that the defendant has not made or attempted any fraudulent disposition of his property, nor by reason of fraud forfeited the rights secured to him by the contract. He is, however, a nonresident, and on that ground his property in this state is subject to attachment in an action for a debt that is past due. But an attachment on this ground is one of the things provided against by the contract, according to my understanding of it as heretofore explained.

I cannot, however, upon the showing made, legally grant the present motion. The showing is insufficient, because, instead of standing upon the letter of his contract, the monthly payments which the defendant undertook to secure to Harrington & Smith have from the commencement of the action ceased. Enforcement of the contract by depriving the plaintiff of a statutory remedy to which he is apparently entitled, on the ground that he has agreed to forbear during a specified period of time to invoke it, is, in effect, equivalent to the granting of equitable relief by enforcing specific performance. A party seeking this form of

relief in a court of equity must as a condition precedent show that he has done or offered to do, or is ready, willing, and able to do, all the essential and material acts required of him in the specific execution of the contract according to its terms. The defendant cannot in a court of law have the full benefit of the rights and advantages stipulated for in a contract, in addition to a right of action for any injury done in the past by failure on the part of the plaintiff to observe it, on terms more favorable than he could claim the same in equity. I am of the opinion that it would have been right and lawful to have granted this motion if it had been made promptly after the attachments were issued, and before other payments became due, or if the payments had been continued each month according to the contract. This court cannot, in an action at law, exercise the powers of a chancellor, nor decree that both parties fulfill their promises. It can only determine their rights according to what has been done. Inasmuch as the defendant has not lived up to this agreement himself, I hold that his only remedy for the breach of it, alleged to have been committed by the plaintiff, is to be found in an action for damages. The motion to dissolve the attachments is denied.